IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHELLE L. TRAMMEL
o/b/o M.T.                                                                                    PLAINTIFF

      v.                                    CIVIL NO. 07-2098

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

**O R D E R**

      Plaintiff Michelle L. Trammel, o/b/o M.T., appealed the Commissioner's denial of benefits to this court. On June 17, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 12). Plaintiff now moves for an award of $3,029.40 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.45 attorney hours of work before the court at an hourly rate of $152.00, and 4.50 paralegal hours at an hourly rate of $50.00. (Doc. No. 13). The defendant has filed a response, objecting to certain hours claimed. (Doc. No. 14).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney fees under the EAJA at a rate of $152.00 an hour based on an increase in the cost of living. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.

1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit (Doc. No. 13) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $152.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Defendant argues that the 0.50 attorney hour submitted on August 13, 2007, and the 0.50 attorney hour submitted on September 5, 2007, were prior to the filing of the complaint in this court and are not allowed pursuant to the EAJA. The Complaint was filed in this court on September 13, 2007. (Doc. No. 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 0.50 attorney hour. Accordingly, 0.50 attorney hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 1.50 paralegal hours on September 13, 2007 (paralegal prepared and filed petition for judicial review of administrative law judge decision, affidavit of financial status, plaintiff's motion to proceed in forma pauperis, summons, and cover sheet), from which we deduct 0.50 paralegal hour; 0.30 paralegal hour on September 18, 2007 (paralegal verified

that valid service of summons had been made upon defendant, then executed and filed return of service), from which we deduct 0.30 paralegal hour; 0.50 paralegal hour on October 10, 2007 (paralegal prepared and scanned affidavit of service to clerk, office of General Counsel, Attorney General of U.S., U.S. Attorney), from which we deduct 0.50 paralegal hour; 0.10 paralegal hour on December 20, 2007 (call to claimant re: status of case), from which we deduct 0.10 paralegal hour; 0.20 paralegal hour on March 17, 2008 (call from claimant re:status of case), from which we deduct 0.20 paralegal hour; and 0.20 paralegal hour on June 17, 2008 (paralegal mailed copy of Memorandum Opinion and Judgment to claimant), from which we deduct 0.20 paralegal hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 1.80 paralegal hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 15.70 attorney hours for reviewing the transcript, researching and writing plaintiff's appeal brief. The court notes there were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 13.00 hours.

Plaintiff's counsel seeks a total of 2.00 paralegal hours for the preparation of the EAJA petition and brief. We find the time sought to be excessive and deduct 0.50 paralegal hour from the total compensable time sought by counsel.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 15.25

AO72A
(Rev. 8/82)

(18.45-3.20) attorney hours, at the hourly rate of $152.00, 2.20 (4.50-2.30) paralegal hours, at the hourly rate of $50.00, for a total attorney's fee award of $2,428.00. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, —F.3d—, WL 4093013, 1 -2  (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 19th day of September 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE